UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRISTIAN OKORIE, *on behalf of himself and all similarly situated individuals*

    Plaintiff,

    v.

RESIDENT RESEARCH, LLC,

    Defendant.

Civil Action No. TDC-21-2962

**MEMORANDUM OPINION**

Plaintiff Christian Okorie has filed this class action against Defendant Resident Research, LLC ("Resident Research") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681c(a), 1681e(a)-(b), 1681i (2018). Pending before the Court is Resident Research's Motion to Dismiss in Part Plaintiff's First Amended Class Action Complaint, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Resident Research's Motion will be DENIED.

**BACKGROUND**

In May 2021, Okorie applied to rent a home in Olney, Maryland through Red Maple Realtors. As part of the application process, Red Maple Realtors orders a "background report" from Resident Research, a rental screening business that has compiled criminal record information, to be reviewed as part of its background check on a prospective tenant. Am. Compl. ¶ 22, ECF No. 18. The report provided by Resident Research stated that in September 2003, Okorie had been arrested, but not charged or convicted, for a felony crime in the District of Columbia.

Subsequently, on May 20, 2021, Okorie received a letter stating that his rental application was denied, primarily due to a "Criminal Record." *Id.* ¶ 35. The letter stated that the information was obtained from Resident Research. Okorie then obtained a copy of the Resident Research report about him and disputed the inclusion of the September 2003 arrest because no conviction resulted and the case was closed nearly two decades before the report was generated. Resident Research stated that it was "obligated to leave it on [Okorie's] report" because the record was "on [his] file, and is public record." *Id.* ¶ 38.

On November 18, 2021, Okorie filed the original Complaint in this action. In the presently operative Amended Complaint, filed on February 18, 2021, Okorie asserts four causes of action against Resident Research, all based on violations of the FCRA, in the following numbered counts: (1) a putative class action claim for reporting outdated arrest information, in violation of 15 U.S.C. § 1681c(a); (2) a putative class action claim for lacking procedures to prevent the reporting of outdated arrest information, in violation of 15 U.S.C. § 1681e(a); (3) a putative class action claim for reporting incomplete and materially misleading arrest information, in violation of 15 U.S.C. § 1681e(b); and (4) an individual claim for failing to conduct a reasonable investigation into the accuracy of the disputed information in the Resident Research report on Okorie, in violation of 15 U.S.C. § 1681i. For each of these counts, Okorie alleges that Resident Research's conduct was "willful," subjecting it to liability under 15 U.S.C. § 1681n, or in the alternative, that the violations were "negligent," subjecting it to liability under 15 U.S.C. § 1681o. *See, e.g.,* Am. Compl. ¶ 56.

## DISCUSSION

In its Motion, Resident Research seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of all four counts as to the claim of liability based on negligence, arguing that Okorie's negligence claims are barred by an exculpatory clause contained in the rental application.

I.  **Legal Standards**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Resident Research filed its Motion as a Motion to Dismiss and attached an exhibit in support of the Motion. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Courts are permitted to consider a document attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Here, the attached exhibit is the Residential Rental Application ("Rental Application") that Okorie completed. *See* Rental Application, Mot. Dismiss Ex. A, ECF No. 34-2. Where the Complaint specifically references the rental application process such that the Rental Application is fairly deemed to be integral to the complaint, and Okorie does not challenge the document's authenticity, the Court will consider the Rental Application in deciding the Motion.

## II. Exculpatory Clause

In applying to rent a home, Okorie completed and signed the Rental Application, which contained a clause entitled "Authorization to Release Consumer Information." Rental Application at 4. The Authorization included the following language:

> This is to advise that I, the undersigned, hereby authorize Resident Research, LLC, acting as the landlord's designated screening organization for the above-referenced rental property, to . . conduct a nationwide criminal records search . . . to determine eligibility for tenancy and assessing credit worthiness. I certify that all statements I have made on this document are true, correct and complete. I authorize a verification of all statements made by me, including but may not be limited to credit history, criminal background, eviction history, current & former landlords, as well as current and former employers. I release from all liability or responsibility all persons, companies, and corporations conducting such verifications, or supplying information for such verifications.

*Id.* Resident Research argues that the last sentence operates as an exculpatory clause pursuant to which Okorie has released it from any liability based on negligent violations of the FCRA.

Under Maryland law, which the parties agree is applicable to this dispute, "[a]n exculpatory clause is a 'contractual provision relieving a party from liability resulting from a negligent or wrongful act.'" *BJ's Wholesale Club, Inc. v. Rosen*, 80 A.3d 345, 351 (Md. 2013) (quoting Exculpatory Clause, Black's Law Dictionary (9th ed. 2009)). While "exculpatory contractual clauses generally are valid," the Court of Appeals of Maryland has held that "a threshold issue that must be considered" before addressing a clause's validity is "whether the clause at issue is, in fact, an exculpatory clause" that "shield[s] one of the parties from liability." *Adloo v. H.T. Brown Real Est., Inc.*, 686 A.2d 298, 301 (Md. 1996). The standard "is a stringent and exacting one, under which the clause must not simply be unambiguous but also understandable." *Id.* at 303. To provide a release from liability for claims of negligence, the clause does not need to use that exact word, but its language must "clearly and specifically indicate[] the intent to release the defendant from liability . . . caused by the defendant's negligence." *Id.* at 304 (quoting *Barnes v. N.H. Karting*

4

*Ass'n*, 509 A.2d 151, 154 (N.H. 1986)). If the clause is "unclear and ambiguous, either the intention of the parties must be established through the introduction of relevant parol evidence or the issue resolved by strictly construing the clause against its author." *Id*. The parties do not dispute that this doctrine applies to negligent violations of statutes such as the FCRA.

The Maryland Court of Appeals has on multiple occasions found broad exculpatory clauses to be insufficient to waive liability for negligence when the language did not unambiguously do so. In *Adloo*, the plaintiffs executed a lock-box authorization form in which they acknowledged that the real estate company operating the lock box was not "an insurer against the loss of personal property" and agreed "to waive and release[]" the real estate company "from any responsibility therefore." *Id*. at 300. The Maryland Court of Appeals held that this clause did not bar claims of liability for theft of the plaintiffs' property due to the real estate company's negligence because the clause "may logically be interpreted" as applying only where the theft occurred without any negligence. *Id*. at 305. As a result, the clause did not "clearly, unequivocally, specifically, and unmistakably express the parties' intention to exculpate the [real estate company] from liability resulting from its own negligence" and was "insufficient for that purpose." *Id*. The court also concluded that a separate clause in the listing agreement stating that the real estate company was not "responsible for vandalism, theft or damage of any nature whatsoever to the property" likewise did not contain a "clear, unequivocal expression of the parties' intention that included in that exclusion was damage or injury caused by the respondent's own negligence." *See id*. at 300, 305.

Likewise, in *Heat & Power Corp. v. Air Products & Chemicals, Inc.*, 578 A.2d 1202 (Md. 1990), the Maryland Court of Appeals found that a provision in which a contractor agreed to indemnify the owner of a building "from any and all loss, liability, fine, penalty or other charge, cost or expense by reason of any claim, fine or penalty, or any action or suit for injury to, or death

5

of any persons . . . or for damage to property . . . resulting from or arising out of or in connection with the performance of this Contract" did not require the contractor to indemnify the owner for a claim based on the owner's own negligence because it did not "expressly or unequivocally" cover such a claim. *Id.* at 1204, 1206-07. Thus, under Maryland law, even seemingly comprehensive exculpatory clauses do not cover negligence claims absent a clear, unambiguous basis to conclude that the parties intended for them to do so.

Here, the exculpatory clause in the Rental Application does not contain an unambiguous release of negligence claims. The clause releasing Resident Research and other entities conducting verifications or supplying information for verifications "from all liability or responsibility" does not contain any expression of an intention to release them from negligence claims. The mere inclusion of the term "all" is insufficient to convey such an intention. *See Heat & Power Corp.*, 578 A.2d at 1204, 1206; *see also Audley v. Melton*, 640 A.2d 777, 779 (N.H. 1994) (holding that a clause stating that a defendant was "free of any or all liability" was "general release language" that did not put a plaintiff on notice of the intent to release a defendant from liability based on his own negligence) (cited and discussed favorably in *Adloo*, 686 A.2d at 303-04). Significantly, the scope of the clause in the Rental Application is even more undefined and ambiguous than those in *Adloo*. Where the clauses in *Adloo* stated that the real estate company was relieved of "any responsibility" for "loss of personal property" and was not responsible for "vandalism, theft or damage of any nature whatsoever," *id.* at 300, the clause here provides no guidance on the types of injuries or claims that are subject to the clause from which an inference of an intent to bar negligence claims could be made. It makes no mention of the types of claims alleged here—claims of negligence based on the inaccuracy or outdated nature of information supplied for verification, or based on rights secured by federal statutes such as the FCRA. Where

exculpatory clauses must contain "clear, unequivocal expression of the parties' intention" to release negligence-based claims, the clause in the Rental Application fails to meet this standard. *Adloo*, 686 A.2d at 305.

In light of this controlling precedent and the specific facts at issue here, Resident Research's reliance on *Cornell v. Council of Unit Owners Hawaiian Village Condominiums, Inc.*, 983 F. Supp. 640 (D. Md. 1997), is misplaced. In *Cornell*, which is not controlling authority, the court held that an exculpatory clause in the by-laws of a condominium association "unambiguously release[d]" the condominium's governing body, "the Council," from liability for a claim based on a fall on ice allegedly caused by negligence in maintenance and design relating to drainage at the building. *Id.* at 645. The clause's language stated that the Council "shall not be liable . . . for injury or damage to persons or property caused by the elements, or by the Unit Owner of any unit, or any other person, or resulting from electricity, water, snow, or ice . . . or from any pipe, drain, conduit, appliance, or equipment." *Id.* at 643. The court, however, relied on the fact that the "clause's language broadly covers all personal injuries caused by any person and by ice" and found that its specific applicability to injuries "caused by 'any other person,'" which the court interpreted as fairly including the Council itself, "evince[d] the Council's clear intention to absolve itself from liability for its negligent actions." *Id.* at 644. By contrast, the clause here is distinguishable because it contains no language describing the type of claim covered by the clause, and no language that specifically demonstrates an intent to cover claims caused by Resident Research's own acts or omissions.

Further, it is not even clear whether the clause covers Resident Research in this instance, where its actions relate to the reporting of Okorie's prior arrest. The clause purports to protect companies "conducting such verifications, or supplying information for such verifications," but

7

the "verifications" at issue are "residence verification(s)," "employment verification(s)," and "verification of all statements made by [the applicant]," which includes those relating to "criminal background." Rental Application at 4. However, a review of the Rental Application shows that the only statement relating to criminal background made by Okorie was that he had not been "convicted of a felony or major misdemeanor." *Id.* He made no statements subject to verification about any prior arrests that did not result in conviction. As a result, Resident Research was arguably not a company "conducting such verifications, or supplying information for such verifications" when it provided information on Okorie's prior arrest that did not result in a conviction. *See id.* The language on the covered parties is therefore also too ambiguous to support a finding of an unambiguous release of the negligence claims asserted here against Resident Research.

For these reasons and in light of the "stringent and exacting" standard for finding a clause to exculpate a defendant from negligence claims, the Court concludes that the present clause does not exculpate Resident Research from negligent violations of the FCRA and declines to dismiss such claims as a matter of law. *Adloo*, 686 A.2d at 303; *see Heat & Power Corp.*, 578 A.2d at 1204, 1206; *see also Massey v. On-Site Manager, Inc.*, No. 11 Civ. 2612 (BMC), 2011 WL 4356380, at *1, *3 (E.D.N.Y. Sept. 16, 2011) (concluding under a similar standard under New York law that a clause "releas[ing] the individual, company or institution . . . from all liability for any damage whatsoever incurred in furnishing" criminal background information did "not plainly address claims based on negligence" and thus did not waive the plaintiff's right to sue for negligent violations of the FCRA). Because the Motion will be denied on this basis, the Court need not address Okorie's other arguments for opposing dismissal.

## CONCLUSION

For the foregoing reasons, Resident Research's Motion to Dismiss in Part will be DENIED. A separate Order shall issue.

Date:   July 26, 2022

_____
THEODORE D. CHUANG
United States District Judge